This appeal presents an interesting case of first impression regarding the military extraterritorial jurisdiction act and its incorporation into 18 U.S.C. section 7-9 which places the primary jurisdiction in the court's marshal. Though the case involves a relatively complex statutory schema, the facts are very simple in this case. There are three facts and they are undisputed. First, that count 14 of the superseding indictment alleges that defendant Harris committed conduct overseas in the special maritime and territorial jurisdiction of the United States. Secondly, that the defendant was an active NAMI member at the time, subject to the Uniform Code of Military Justice. And thirdly, the indictment did not allege that he committed the offense with a co-defendant who was not subject to the UCMJ. Mr. Becker, can I ask about the indictment? Didn't the indictment also allege that part of the conduct was committed within the continental United States? It did. That's correct, Your Honor. And in fact, the proof at trial was that some of the acts in this case relating to the criminal offense occurred in Virginia and elsewhere. So why isn't that, why doesn't that solve the issue of this, the extraterritorial problem if one exists, if part of the conduct occurred within the United States and a jury so found? Well, this goes to dispute and the government's argument that the court can essentially create jurisdiction out of thin air if part of the conduct occurred in the domestic United States. And this is a position that we dispute. We have two arguments as to why this is incorrect. First of all, if a court lacks in personam jurisdiction over part of a count, then the case law to that effect. In other words, if you don't have a genesis of a continuing defense, how can then the count be sustained if the court lacks personal jurisdiction over part of it? This was a choice that the government could have made. They clearly could have indicted Mr. Harris separately on the conduct occurring in Japan in the Special Maritime and Territorial Jurisdiction, and then they could have charged the other conduct domestically separately. That was a choice that they made. Miju was already in effect for 10 years prior to that time. So that was a charging error on their part. And secondly, the only cases that they cite in support of this position are venue cases. And as the court is well aware, there is a substantial substantive difference between in personam, subject matter jurisdiction, and venue. Venue is a matter of convenience for the party. In personam jurisdiction and subject matter are not. Let me make sure I understand. Are you saying that a military member could never be indicted under 18 United States Code section 2422, unless they are also charged with someone else in that count that is not a military member? Correct. If the conduct occurs overseas in the Special Maritime and Territorial Jurisdiction of the United States, if the military member is an active member at the time of the indictment subject to the UCMJ, and he is not indicted with a co-defendant who is not subject to the UCMJ under section 3261D, he cannot be tried in a civilian court. And the Department of Justice prosecution manual also seems to bear that out, at least my reading of it. Is that right? That is correct. That's exactly what the manual says. So what happens if we agree with you, practically speaking, with regard to count 14? Because he was charged and convicted of a lot of things. This is one of many. What happens? Well, the first thing that happened, we would request that the court vacate the conviction on count 14 and the sentence. And of course, at minimum, the case would have to go back then for resentencing. But because of the facts of this case, count 14 was critical with respect to victim HK. And Mr. Harris was also charged in count 1 with respect to count 14. That's how they essentially sustained count 1, which was a production count of the video. And the most damning evidence in the case came out in count 1. It was called the reflection video. So what we would ask is, at minimum, that the case be remanded for an evidentiary hearing for the judge to determine the prejudice from count 14 and how it affected... So count 1 is the only production count? With respect to HK, that's correct. And that was from a video... Oh, there are more production counts. How many production counts? I'm not sure exactly how many production counts there were, but this was the production count with respect to HK that bears on count 14. But just in terms of your argument about this impacting the whole thing and sentencing, production counts typically drive up the sentencing. And if there's more than one, I'm just not sure how a single count... Not that you might not be right about the personal jurisdiction. I'm just trying to sort out what it really means. No, I understand your concerns, Your Honor. The reason I'm making this argument is that the most damning evidence in the entire case against Mr. Harris came with the reflection video that came in through count 1, where there was basically allegedly a reflection of him and some diplomas in the back. So this is what basically sealed the case for the government. But they didn't have any of the Skype chats that came in through count 1. All of those came in through count 14. And because they dealt with the same victim, this had, I think, a prejudicial impact conceivably on the entire case. Did you argue for this in the district court? Did you argue that under what we're calling now is sort of your jurisdictional theory, although I want to come back to that, that the relief would extend beyond vacating count 14? I did. I did argue that count 1 was affected by count 14 in the district court. Yes. Okay. So I guess I'm not really understanding why this is a jurisdictional question. I thought we had cases saying that personal jurisdiction in a criminal case is established by the presence of the defendant in the court during the criminal proceedings itself. I thought this was more a question about whether we can just sort of the scope of this statute and whether it applies extraterritorially. But if I'm wrong, explain that to me, please. Yes, Judge. The question here is which court has jurisdiction over Mr. Harris, has in personam jurisdiction. So the question is whether the civilian court has in personam jurisdiction over him in this case or whether the court-martial has jurisdiction. Have I misread our cases saying that in personam jurisdiction is established by the presence of the defendant at the Yes, I think, Judge, this was the government's argument basically using Kerr-Frisbee doctrine is what they were referring to. This, of course, is an extradition doctrine dealing with the fact that if someone is extradited across international lines, that the illegality basically of the arrest does not affect the personal jurisdiction in the new that the military has in personam jurisdiction over actions occurring overseas in, for example, a military installation as here in Japan and that the civilian court does not. Every one of the cases that I've cited in my brief reject the government's position basically that if you commit a crime overseas and you're in the military and you're active, only the Miju was also designed to close a gap in the current case law, which it allowed contractors and others accompanying the military overseas to avoid criminal prosecution. But Congress, I understand your statutory argument. I just thought that the question it was answering was, does this statute apply extraterritorially to a military base in Japan? And your answer was, no, it doesn't because, or at least not as to active duty military personnel because they are more appropriately handled through the military code of justice. But I'm still struggling with how a district court doesn't have in personam jurisdiction over someone sitting in its courtroom. It may not make a difference whether we think of it as a question about the scope of the offense or jurisdiction, but I'm just sure. I think that the reason that they don't have in personam jurisdiction is that Congress has explicitly excluded that jurisdiction from a civilian court. Miju is the answer in section 3261B. And also, Your Honor, in answer to your question, there are two different issues here. I know it's confusing and I think the government got them confused in their brief. There is a marked difference between the extraterritorial reach of a criminal statute and whether, in fact, a court has personal jurisdiction over the defendant. The one deals with the five principles of international criminal law, nationality, active personality, passive personality, protected principle, and universal jurisdiction. Whether there is a reach that goes outside the domestic boundaries of the United States. That's a different question of whether the court itself has in personam jurisdiction over a defendant. I know those are confusing issues, but they're critical in this particular case. Okay. And then with the several minutes I have remaining, I wanted to just discuss the other argument. I'm sorry, I just have one quick question. When was the motion about this lack of in personam jurisdiction originally made? Was it after the verdict? Was that the first motion on this? The first motion was when I brought a 2255 petition on behalf of Mr. Harris. So after the verdict. It wasn't after the indictment. It wasn't as part of the pretrial proceedings. That's correct. And I alleged ineffective assistance for both trial and appellate counsel for failing to raise it. And then lastly, I'd just like to address briefly the argument that was made by the government that section 73 should apply as opposed to section 79. This is a statutory construction question. The government's argument fails on two canons of statutory construction. Number one is that the more specific statute should control over the more general. I think there's no dispute that the general language of section 73, which talks about lands acquired for the use of the United States, is much more general than the language of section 79, which speaks in terms of military missions or entities in foreign states. And secondly, the other canon of statutory construction that goes to our position is that the more recent statute should control over the earlier. Clearly here, section 73 dates all the way back to the founding of this country in 1790, revised in 1940, and the section 79, the newer statute, was not passed until 2001. So those would be our arguments based on statutory construction. Sorry. I'm so sorry. I just want to go because you have totally persuaded me that it's critical that I understand the difference between the jurisdiction question and the extraterritorial question. So I'm remembering now what I found confusing. Under 3621, I assume the language that you think of as jurisdictional is the thing about no prosecution may be commenced. But that says that you can't commence a prosecution under this section. And he's not being prosecuted under section A of 3261. He's being prosecuted under this separate statute. So that's why I got confused. OK, so let me try to clarify, Your Honor. So he was prosecuted under section 7. So if you look at count 14 of the indictment, one of the statutes cited by the government for the Special Maritime and Territorial Jurisdiction. I thought he was being prosecuted. I thought count 14 was under section 2422. It is. That's the substantive count. But you'll see in the count that they use 18 U.S.C. section 7 is listed in there as well. That's to cover the portion in the Special Maritime and Territorial Jurisdiction. And so when you look at 18 U.S.C. section 7-9, it states in that particular section that this does not apply to an individual that is subject. No, I follow all of that. But how is any of that jurisdictional rather than just a question of what is the extraterritorial scope of this statute? I'm not seeing that. What makes that jurisdictional and not a question of extraterritorial application? It is that it is that the section 3261D prohibits prosecutions. It excludes individuals in Mr. Harris's situation from being prosecuted for actions within the Special Maritime and Territorial Jurisdiction. It seems like it just says you can't be prosecuted under this section. It says no prosecution may be commenced against a member of the armed forces subject to Chapter 47 of Title 10, which is the UCMJ, unless he ceases to be subject to the chapter or an indictment or information charges that the member committed the offense. There are other defendants, at least one of whom is not subject to the chapter. It doesn't say under this section. It's possible I have like the wrong year or something. I thought it said subsection D, right? Yes, it's 3261D. That's correct, Your Honor. All right. So it says no prosecution may be commenced dot, dot, dot under this section, unless the indictment or information charges that the other person was involved. But he's not being charged under this section. Well, if you look at the language of Section 18 U.S.C. Section 7-9, which is what he was charged under, at the at the end of that, it says this does not apply to an individual. It says this paragraph does not apply with respect to an offense committed by a person described in Section 3261A of this title. So that's why we then cross reference to 3261A. And in 3261D, it exempts any person in Mr. Harris's particular position from being prosecuted for an offense in the Special Maritime and Territorial Jurisdiction. Therefore, eliminate in personam jurisdiction from a civilian court in favor of a court-martial. I'm sorry. I know it's very complicated. No, I apologize. I've taken way too much of your time. Sorry. No, thank you very much for your inquiry. I see my time is over. If the court does not have any further questions, I'll cede my time to my colleague. Thank you, Mr. Becker. Thank you. Mr. Young? Good afternoon, Your Honors. May it please the court. In the government's view, the most straightforward way to resolve this case is to conclude that what happened here was a domestic application of the statute of conviction. It was domestic because the victim was here the entire time. And it was domestic because the defendant was here for a portion of his wrongdoing. And if the court views the case that way, it need not reach out to grapple with Section 7-9 or Section 3261 at all to resolve the case. Now, that said, I think it is fair to say that the government and the defendant are very far apart in the briefing. And I think there are three fundamental disagreements. Didn't the government charge him with Section 7? No. I can't hear you now. No, Your Honor. And I want to explain exactly why I say that. The offense in the indictment. It's in the indictment. I understand. The offense in the indictment is 2422B, full stop. What Section 7 is doing is serving two purposes simultaneously. And I'm drawing on this court's opinion in Carr for this answer, Judge Thacker. The first thing is it's identifying which regulatory power of Congress is at issue. Because a prosecution under 2422B can hinge on either the domestic commerce clause or the foreign commerce clause or Section 7. And in Section 7, you're exercising Congress's power to regulate federal enclaves. So if, for example, if a minor was coerced on a military base and there were no connection to domestic or foreign commerce, that would be the hook is Section 7. The other thing Section 7 is doing simultaneously is effectively satisfying RJR Nabisco Step 1. It's a textual indication that in some circumstances Congress intended this statute to apply overseas. But here the government hasn't even relied on Nabisco Step 1. We've relied on Nabisco Step 2. Because everything this defendant did to HK involves sending threatening and coercive communications into the United States in order to compel her to produce child pornography for his benefit. And so, Judge Thacker, in a sentence, the government's point on that issue is this. It doesn't matter if he's on a military base or a London cafe or a German library. Anyone across the globe who sends those kinds of coercive, torturing communications into the United States to compel an American minor in the United States to produce child porn is prosecutable as a domestic offense. Extraterritoriality has nothing to do with it. I wanted to highlight three areas in which I think the parties are very far apart and very briefly explain the government's position. I think both in the briefing and today, my friend on the other side at times reads 3261 as though it is a carve out from the general grant of subject matter jurisdiction in 3231 to hear criminal cases. It is not. That's the first disagreement we have. The second disagreement is he seems to assert that if a prosecution hinges on Section 7, and for the reasons we discussed, Judge Thacker, I don't think this case did. Failure of proof as to Section 7 is jurisdictional. It's not. It goes to the merits. That was the Second Circuit's decision. But I thought he was talking about personal jurisdiction and venue, and you're talking about subject matter jurisdiction. Another disagreement between the parties, Your Honor. Judge Thacker, I think that when a defendant is arrested and appears in front of an Article III court, there is personal jurisdiction full stop. Okay. And I think that goes to what Judge Harris was talking about. So what is the support that I need to look to for that? Certainly. We cite a number of cases for that proposition, Your Honor, in the page on our brief where we also discuss the Kerr-Frisbee Doctrine. And I don't have the brief page number as I stand here, but it's in that paragraph. The last thing I would say about fundamental disagreement is that I think my friend seems to argue that it's Section 7 or nothing. That is, if the government didn't satisfy Section 7-9, the case is bad. That's incorrect. And the best description I've seen of this is in Allied Towing, which is in a case we cite from 1979 that upon rereading, I think is actually very helpful. So Allied Towing was a case involving an explosion on a ship in the Elizabeth River. And the defendants were prosecuted for causing the death of certain crew members. When the case came up to appeal before this court, the defendant said, wait, the Elizabeth River is not in a special maritime jurisdiction of the United States. Therefore, you don't satisfy Section 7. Therefore, the prosecution is bad. And what this court said in a paragraph is that would only be true if Section 7 amended either the statute of conviction or 32-31. And it didn't. And that exact same logic applies here. Section 7 did not amend 2422B, and it is not a carve-out from the general grant of subject matter jurisdiction in 32-31. I want to address two points that came up during my friend's argument. The Department of Justice Manual Section 920.116B seems to support appellant's theory with regard to personal jurisdiction. I mean, it says exactly what he's arguing. So what's your response to that? I have several, Judge Thacker. The first is the section that leads into that is 9-20.115. 9-20.115 says that the Attorney General and the Secretary of Defense have a memorandum of understanding about concurrent jurisdiction cases. And that while the general rule is that when an active duty service member commits a crime that can be prosecuted by both authorities, there can be exceptions in cases where such circumstances render it appropriate. Our argument would be, this is such a case. Now, the defendant could challenge that. He could bring a couple different kinds of claims, right? He could bring an equal protection class of one claim. He could say, you're prosecuting me in civilian court and other people in courts martial. And then we could litigate that claim. Or he could bring, Santiago is a case from the Southern District of New York that my friend cites in both his opening and his reply brief, which is a case where Judge McMahon had very serious questions about why the defendant there was prosecuted in Article III court instead of a court martial. But the way that that got hashed out was as a matter of due process, because what Santiago eventually said was that too much time had elapsed between the conduct on the military base and the Article III prosecution. But the Justice Manual does not confer any right on the defendant as to venue. And the rules for courts martial, Judge Thacker, make that plain. They say expressly that a defendant has absolutely no right to challenge which concurrent jurisdiction hears a case of wrongdoing when he's a soldier, which is exactly why we quote those. And I thought opposing counsels arguing there is not concurrent jurisdiction. So where are you finding support for there being concurrent jurisdiction? This court's 1970s decision in Bakkenhaupt. Bakkenhaupt says that courts martial jurisdiction is concurrent with civilian jurisdiction. Wasn't that before the act that we're talking about here? So Judge Thacker. By about 25 years. So that puts your question in dialogue with Judge Harris. And I want to get to the statutory language. Okay. So this is my point about 3261 is not a carve out from 3231. It's a separate crime. And there are a couple of reasons why I want to try to convince you that that's so. The first is the language, Judge Harris, that you quoted. Subsection D says that the limitation there only applies to a prosecution commenced under that section. Of course, this case was not commenced under that section. So let's make that real, right? So we cite in our brief Green from the Sixth Circuit, which is a classic 3261 case. It's a case where a soldier goes off base and murders Iraqi civilians. So it's outside the United States. That's 3261A. And he's not within the special territorial jurisdiction of the United States because he's off base. So 3261A applies. I pulled the indictment in that case to make sure that I was correct about this. If the court goes to Pacer and look at the Western District of Kentucky page, the last line of the charge in that case is in violation of 3261. That's the crime. And when this court in Brim affirmed a media prosecution, it said that what, in effect, 3261 does is it assimilates the federal criminal code. It's almost as if other Title 18 offenses become predicates in a standalone 3261 prosecution. Now, practice differs in Brim itself. I pulled the docket in that case, too. The last line of the charges that were at issue were in violation of the Title 18 substantive provision and in violation of 3261. But the point is the same. If you're indicting someone under 3261, you list it in the indictment as the charge. That was not true here. It's not a 3261 case. I would also, in terms of textual hooks. Mr. Young, can I ask? Mr. Young, sorry. You began your argument by suggesting, I think, to us that we avoid this kind of murky area of the law regarding the application of the extraterritorial statute in 3261 by suggesting that what we have here in the end is domestic conduct, both in the initiation of the conduct by sending these messages and enticing a minor to produce pornography in the continental United States, and then committing part of the acts while he was stationed domestically in the United States. Why isn't at least that subset of the even, you know, we can – I'm sure you take the position that both would apply. But certainly the commission of part of the offense in the United States would seem to resolve the issue so we don't have to worry about whether or not any of these other statutes apply. Why isn't that the answer to this question? It is a perfectly excellent answer to the question. I agree. Well, but your opponent says that that's not correct because all the cases that deal with that are cases that deal with venue and not jurisdiction. So what's your response to that? A few different responses to HDIs. The first is, contrary to my friend on the other side, I disagree that there's anything wrong with looking at the venue cases in this context. And the reason – And while you're at it, I'm sorry, he also says that you had a choice in the way you framed this indictment. You could have charged separately. You charged, you know, two separate offenses and you have to live and die with the consequences of that. So I'm curious exactly what those consequences are because it seems to me that I don't see any, but maybe I'm missing something. Okay. Let me get to all of that, Judge Diaz. First, venue. The reason it's appropriate to look to the venue cases is because what venue cases ask is where are the offense elements being committed? And there's nothing wrong with looking to cases that answer that question and asking the same question for purposes of jurisdiction and extraterritoriality. And the example that I would give, Your Honor, is a few weeks ago this court decided a case called Ion Brito about venue in 1326 prosecutions. In doing that, it cited cases about the statute of limitations. Why did it do that? Because both the statute of limitations cases and the venue cases ask where is this offense occurring and when? So there's nothing problematic with doctrines talking to each other. And that's true here. My friend also said that there's a body of law suggesting that if the court lacks jurisdiction at time one but is seized of jurisdiction at time two, it lacked jurisdiction forever. I read my friend's cases. I'm not sure to which body of law he's referring. So I confess I'm not sure what that is a reference to. Consequences in charging, Judge Diaz. It is correct that we charge this as a single count. We're permitted to do that under Burfoot because it's a continuing course of conduct involving the same players. We addressed this in our brief when we described how the court would handle a Yates alternative theory error. And let me unpack that for a second. If the court were to conclude that it agreed with our first argument, which is when you send these kinds of coercive communications to an American victim, that's enough. You never have to reach this question because HK is in Roanoke County the entire time. But if you go to the next step, Judge Diaz, as you suggested, and resolve the case on, but he's in the United States for part of the time, then you might ask yourselves, what do we do if part of the count is based on a legally valid theory and part of the count is based on a legally invalid theory? And my submission to the panel is I think that's just a Yates alternative theory error, by which I mean this comes up all the time. So like in Jefferson, for example, there was a fraud count that was arguably bad after skilling. And so then the question you have to ask is, is the error harmless because the evidence would support the count and an alternative valid theory of fraud? Yes, Judge Harris. Can I ask you a question before we even get to Yates? And this is a question I had about the structure of your argument. It seemed to me there were cases that took the fact that the defendant is in the United States for some but not all of his conduct, combined that with the fact that the victim's in the United States and said, all of that means that this is a domestic application of this statute. They didn't say, I understand another way to look at it would be to say, even if the fact that the defendant is in the United States for some of the conduct doesn't make it a domestic application, maybe then we can have this Yates question about can we divide out, say, maybe we can. But I'm not sure you have to get there. It seems to me that you can take account of the fact that the defendant was in the United States for part of the conduct in deciding that this is a domestic application of the statute, period. The whole thing is a domestic application of the statute. And that seems to be, I don't have the cases in front of me, but the way at least maybe it was the DC Circuit handled that question. That's right. That's Sitzman. That's exactly correct, Judge Harris. OK. Let me put it in a single sentence. They are two roads to the same destination. Yeah, but one of them goes through Yates and one doesn't. That's right. And it seems to me you'd be better off with the one that doesn't. I would be absolutely delighted if the court were to say, because every one of these illegal enticements was sent to an American victim in the United States over the wires and the internet governed by interstate commerce, it's a domestic offense, period. I think that is a very clean way to resolve the case. Can I? I'm sorry. This question about the implications of the charging decision, and maybe I should ask your colleague this, too, but I'm not even understanding. The indictment says that this is in violation of Section 2422B and Section 7. But how is Section 7? Section 7 is a definition section. Like, that's not a crime. That's right. I don't understand. He wasn't charged with violating Section 7. That's not a criminal offense. So this goes back to my answer to Judge Thacker, Your Honor. So Section 7 in this indictment is doing two things simultaneously. It is telling you which congressional power we're relying on. Right. So we're relying on both the power to regulate interstate commerce and the power to regulate conduct in federal enclaves. Right. And it's a hook for extraterritorial application in our old case, the ergos or whatever. Yes. Okay, but it seems to me like we should all be able to agree that the one thing it can't be is a criminal charge because that's not a criminal offense. That's right. You can't be charged with violating Section 7. That's what this court reasoned in Allied Towing. That's how I started. In a case where the defendant said, if Section 7 doesn't apply, I'm home free, this court said that would only be true if Section 7 amended the underlying offense or 3231's grant of subject matter jurisdiction. But neither of those is true. So I agree with you totally. Okay. Section 7 is not the crime. 2422B is the crime. Okay. Just so I was wondering, sorry, I want to get back to the point Judge Harris was making before you went to Section 7. I thought I understood her to ask you whether there was, she suggested, and you can respond to this, that there at least had to be a requirement that the defendant was in the United States when he committed part of the offense, not necessarily that he committed all of the offense from overseas. So which one is it? No, he does not have to be present at all. Somebody overseas cannot get on the Internet and send threatening communications in American interstate commerce to an American victim and escape prosecution because that's a domestic crime. Okay. But that's not what I was saying. Right. That's what I thought. Sorry. That's not what I was saying. I was saying that I understood the Sitzman case in the D.C. Circuit to be saying that the fact that the defendant was in the United States for part of the time contributed to a finding that the entire indictment is a domestic application. That that factors in just like the victim's presence in the United States. And so you don't have to do the Yates theory where you're saying, well, maybe it's not a domestic application, but maybe we can count on the fact that the jury only convicted based on the time that the defendant spent in the United States. I think I'm seeing the slippage in where we're coming at this. If you reason that sending threatening communications into the United States always renders the offense a domestic one, Yates doesn't apply because the victim never moved. If you reason that it's the defendant coming back from overseas into the United States in July of 2011, then you might have to do the Yates analysis because he's not here the whole time. But Judge Harris, Sitzman involved a defendant who was in the United States who was doing drug trafficking activities in Europe. And so when the D.C. Circuit said that and applied RJR Nabisco step two, it did it in that context. But we cite in our brief Gasparini, which is a Second Circuit case that involved a hacker overseas who hacked into American computers here in the United States. And the court applied the exact same RJR Nabisco step two reasoning. In other words, what I'm saying is it's bidirectional. You could do the RJR Nabisco analysis because he's partially here, even if he's doing things abroad. But you could just as easily do what the Second Circuit did and say, under RJR Nabisco step two, the conduct that is the focus of the statute happened here. Because on our view, the conduct that is the focus of the statute is coercing this young woman into producing child pornography for this defendant. Judge Thacker, you asked about we wouldn't have personal jurisdiction over a totally overseas defendant. That's right. We have to be extradited. And when he was successfully extradited and he had handcuffs on in front of an Article three judge, we would have personal jurisdiction. This defendant stood before an Article three judge. We had personal jurisdiction. All right. Thank you, Mr. Young. Thank you very much, Mr. Becker. You've got some time for a vote. Go ahead. We can't hear you, Mr. Becker. You would help if I fell into my trap. I'm following your example, Your Honor. So the argument of the government, I think, is just basically confused as far as the important distinctions in this case between the extraterritorial reach of a criminal statute and a question of in personam jurisdiction. The government talked repeatedly about subject matter jurisdiction. This case has nothing to do about subject matter jurisdiction. There's not a dispute here that under under the statute itself, 24-22, the court would have had subject matter jurisdiction over a crime of enticement. The sole question here is whether because the conduct occurred overseas in the special maritime and territorial jurisdiction of the United States, whether the civilian court had in personam jurisdiction or whether a court martial had in personam jurisdiction. But that's not accurate. The conduct didn't occur solely within the confines of an overseas location. It occurred in part there, but also occurred in part domestically. So doesn't that change the analysis? I don't think it does change the analysis because I think if part of the indictment, if a court lacks in personam jurisdiction over a particular count of the indictment like this, the indictment count is null and void in and of itself. The court can't create just because part of the conduct occurred domestically. As I argued before, it was the government's choice to charge. It's the way they did. Mr. Becker, I'm sorry. What's your best case for that proposition? Just so that we have it handy. Oh, there was a case I cited. Was a South Carolina case. Just trying to name here. Vinton, which I cited in my brief, and it said basically that when the when the particular, I think that was a civil case where the plaintiff made a certain decision as to how they drafted the claim. And it would be, by analogy, the government. What does a civil case have to do with a criminal prosecution? Well, nothing other than the fact that it was the government's choice here. Vinton found that where a party has to be pleading, it is their choice as to how they plead. Here, the indictment count, as I mentioned before, they could have charged these two things separately. They could have charged the overseas conduct in one count and they could have charged the domestic conduct in another. Meeja was in effect for 10 years when they drafted this count. The DOG manual clearly was in effect and provided them with knowledge that they could not charge Mr. Harris with this kind of conduct, yet they did it together to get a tactical advantage. And now they should not be able to benefit from the way that they charged it. So they could have. I suppose that would have been subject to some claim that perhaps the counts were multiplicious. But having combined them in one count as they have, the facts don't change. Right. Whether they charge them separately or as one. What's the significance of charging them separately? Well, if they if they charge them separately, then we wouldn't have the same argument that the entire account is null and void. Our position is that because the district court lacked in personam jurisdiction with respect to the conduct occurring overseas, that therefore the entire account is void. The district judge here basically said, I understand there's a problem, you know, possibly in light of Meeja's enactment and the enactment of Section 7-9 of Title 18. But he said, I'm still going to assume that I have jurisdiction. But he was, you know, I think intellectually honest enough to mention that these were venue cases he was relying on, not in personam cases. That's that's what's lacking here. So it's our position that the continuing nature of the offense is a venue question. And it does not remedy the defect in a lack of in personam jurisdiction. So so I'm sorry. So you think that I mean, I can find I guess they're in the government's brief on page 11. And there are all these cases where the Fourth Circuit has said what gives a court in personam jurisdiction in a criminal case is the physical presence of the defendant in custody under arrest in the courtroom. And I just I'm not understanding. But in your view, if the defendant is sitting in the courtroom, the district court has in personam jurisdiction as to his conduct in the United States, but not in personam. He doesn't have jurisdiction over that person with respect to some stuff he did before in another country, even though the person himself is right there. That's correct. Because in this particular case, with the passage of media, Congress explicitly removed in personam jurisdiction from a civilian court. And where is the language that says that? Because where is the language that says a civilian court no longer has in personam jurisdiction of certain criminal defendants sitting in the courtroom? 18 U.S.C. 3261 D. OK, as to actions filed under this section. And now we're just back to where we were. So that's what the justice manual says it. The case law says that the military courts say it. And the legislative history says there the government has not cited any authority in support of their position for this. There is no in personam jurisdiction over Mr. Harris for his conduct. And our argument is if the district court lacks it with respect to a part of an indictment count, the entire count is null and void. That's why we're asking the case go back for an evidentiary hearing to determine what evidence is properly before the court on a potential retrial. The court just does. There is no case law cited by the government that a court can be reinvested out of thin air with in personam jurisdiction where it lacked it for the genesis of the count. Just no case law. And do you have anything else? I do not judge for the questions. All right. Thank you very much. Thank you, counsel, for your arguments in this case. We appreciate your presentations this afternoon. We would typically come down from the bench and shake your hands individually. We obviously cannot do that here today, but want to thank you again for your advocacy in front of the court and wish you well and that you remain safe. Thank you very much. Thank you for your time.
judges: Albert Diaz, Stephanie D. Thacker, Pamela A. Harris